**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ALLEN HIVELY, KENNETH KNAUFF and RANDLE SHAW, JR., individually and on behalf of all persons similarly situated, | ) | |
| Plaintiffs, | ) | Civil Action No. 2:13-cv-106-NBF |
| v. | ) | |
| ARCHER WELL COMPANY, INC., ALLIS-CHALMERS ENERGY, INC., AIRCOMP, LLC, and ARCHER UNDERBALANCED SERVICES, LLC, | ) | Judge Nora Barry Fischer |
| | ) | ELECTRONICALLY FILED |
| Defendants. | ) | |

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION**
**TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendants Archer Well Company Inc., Allis-Chalmers Energy Inc., AirComp LLC, and Archer Underbalanced Services LLC submit this Brief in support of their Motion to Dismiss Plaintiffs' First Amended Complaint.

## I. INTRODUCTION

On January 21, 2013, Plaintiffs Allen Hively ("Hively"), Kenneth Knauff ("Knauff"), and Randle Shaw, Jr. ("Shaw") (collectively, "Plaintiffs"), on behalf of themselves and purportedly on behalf of all others similarly situated, filed a Class and Collective Action Complaint against Archer Limited, Allis-Chalmers Energy Inc., AirComp LLC, and Archer Underbalanced Services LLC, asserting that Plaintiffs were misclassified as exempt from the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.,* and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.101 *et seq.* Based on this

alleged misclassification, Plaintiffs purported to bring claims for (1) violation of the overtime provision of the FLSA, (2) violation of the overtime provision of the PMWA, (3) violation of the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.3; and (4) unjust enrichment.

On April 1, 2013, Defendants Allis-Chalmers Energy Inc., AirComp LLC, and Archer Underbalanced Services LLC filed a Motion to Dismiss Plaintiff's Class and Collective Action Complaint. On April 19, 2013, Plaintiffs filed their First Amended Class and Collective Action Complaint ("Amended Complaint") asserting the same four claims against Archer Well Company Inc., Allis-Chalmers Energy Inc., AirComp LLC, and Archer Underbalanced Services LLC (collectively, "Defendants").[1] As discussed below, Plaintiffs' state law claims (Counts 2, 3 and 4) should be dismissed in their entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim for which relief can be granted.

Plaintiffs' PMWA claims (Count 2) should be dismissed because their allegations, accepted as true, conclusively establish that, under the PMWA and its applicable "short test," they were employed in an executive capacity and, therefore, exempt from the overtime provision of the PMWA. Under the PMWA, an employee is employed in an exempt executive capacity if (1) the employee's primary duty is the management of a customarily recognized department or subdivision of the company; (2) the employee regularly supervises two or more employees; and (3) the employee is paid a salary of $250 or more per week. 34

[1] In the Amended Complaint, Plaintiffs have substituted Archer Well Company, Inc. for Archer Limited.

Pa. Code § 231.82(6). Based solely on the allegations in the Amended Complaint, it is beyond dispute that Plaintiffs' primary duty was the management of remote rig sites, that they regularly supervised two or more air operators, and that they were paid a weekly salary in excess of $250 per week. Accordingly, Plaintiffs are exempt executive employees and cannot recover under the overtime provision of the PMWA. As such, this Court should dismiss Plaintiffs' PMWA claims with prejudice as against all Defendants.

Plaintiffs' WPCL claims (Count 3) should be dismissed because it is well-established that the WPCL does not create a substantive right to compensation; rather, it merely provides a statutory remedy when an employer breaches a contractual obligation to pay wages. Plaintiffs do not – and cannot – allege a contractual right to overtime wages, a necessary prerequisite to the maintenance of a WPCL claim. As such, this Court should dismiss Plaintiffs' WPCL claims with prejudice as against all Defendants.

Plaintiffs' unjust enrichment claims (Count 4) should be dismissed because Plaintiffs are precluded from bringing a common law claim to recover unpaid overtime wages because the PMWA provides a specific statutory remedy for recovering unpaid overtime wages. In addition, Plaintiffs unjust enrichment claims should be dismissed because such a claim is limited to situations where the defendant offered no compensation under circumstances where compensation was reasonably expected. Plaintiffs do not – and cannot – allege that they received no compensation from Defendants. Likewise, Plaintiffs do not – and cannot – allege that they reasonably expected to receive additional pay for hours worked over forty in a week. Indeed, in the Amended Complaint, Plaintiffs admit that Defendants consistently

informed them that they would not receive overtime pay. As such, this Court should dismiss Plaintiffs' unjust enrichment claims with prejudice as against all Defendants.

## II. Standard of Review

To survive a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must allege facts sufficient to state a "plausible" claim to relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Specifically, a plaintiff must allege sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. Moreover, a plaintiff's allegations must consist of more than "a formulaic recitation of the elements of a cause of action or naked assertions devoid of further factual enhancement." *Ibid.*

The Third Circuit has established a three-step process for analyzing whether a complaint can survive a motion to dismiss. *See Santiago v. Warminster Township*, 629 F.3d 121, 130 (3d Cir. 2010). First, "the court must take note of the elements a plaintiff must plead to state a claim." *Ibid.* (citation and internal quotations omitted). Second, "the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ibid.* (citation and internal quotations omitted). In other words, the court "may disregard any legal conclusions," "naked assertions," and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 131 (citation and internal quotations omitted). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* at 130 (citation and internal quotations omitted).

As the Third Circuit has explained, "possibility is no longer the touchstone for pleading sufficiency after *Twombly* and *Iqbal*. Plausibility is what matters. Allegations that are merely consistent with a defendant's liability or show the mere possibility of misconduct are not enough." *Santiago,* 629 at 133 (internal citation and quotations omitted). In short, to survive a motion to dismiss, a plaintiff must allege specific facts that would, if established at trial, entitle him to relief. *Ibid.*; *see also Malleus v. George,* 641 F.3d 560, 563 (3d Cir. 2011).

## III. PLAINTIFFS' ALLEGATIONS

Plaintiffs are paid "on a salary basis" at "a fixed salary ranging between approximately $5,500 and $6,500 per month." (Amended Complaint ¶ 35). Plaintiffs hold supervisory positions (*Id.* at ¶¶ 21-22). As supervisors, Plaintiffs regularly manage one to three air drilling sites and supervise two to six air operators (*Id.* at ¶¶ 42-43). Plaintiffs spend their time performing the following duties: "retrieving spare parts for the rigs, fixing mechanical problems with the rig machinery, driving between jobs, performing safety checks on rig machinery, filling in for air operators who do not show up for work, reporting rig activity to management and clients, and filling out clerical paperwork to be submitted to management." (*Id.* at ¶ 44). Plaintiffs maintained production records and submitted them to management on a daily basis (*Id.* at ¶ 33). Plaintiffs also "suggest disciplinary measures," which must be approved by their managers (*Id.* at ¶ 56).

## IV. ARGUMENT

### A. Plaintiffs Fail To State A Claim Upon Which Relief Can Be Granted Under The Pennsylvania Minimum Wage Act.

This Court should dismiss Plaintiffs' PMWA claims because their allegations, accepted as true, conclusively establish that they are not covered by the overtime provision

of the PMWA. Under the overtime provision of the PMWA, an employer must pay an employee at a rate of one and one-half times the employee's regular rate of pay for all hours worked over 40 in a week. 43 P.S. § 333.104(c); 34 Pa. Code § 231.41. Significantly, however, not every employee is covered by the overtime provision of the PMWA.

As it relates to the present case, the overtime provision of the PMWA does not apply to an employee employed in an executive capacity. 34 Pa. Code § 231.81. The PMWA contains two tests for determining whether an employee is employed in an executive capacity: the short test applies when an employee makes a weekly salary of $250 or more and the long test applies when the employee makes a weekly salary less than $250. 34 Pa. Code § 231.82(6). Plaintiffs allege that they were paid "on a salary basis" at "a fixed salary ranging between approximately $5,500 and $6,500 per month [or $1,375 to $1,625 per week]." (Amended Complaint ¶ 35). Plaintiffs were paid on a salary basis at a rate of $250 or more per week. Accordingly, the short test applies.

Under the short test, an employee is covered by the executive exemption if (1) the employee's primary duty consists of the management of a customarily recognized department or subdivision, and (2) the employee customarily and regularly directs the work of two or more other employees. 34 Pa. Code § 231.82(6). Plaintiffs' factual allegations establish that they meet the requirements of the short test and, therefore, are not covered by the overtime provision of the PMWA.

First, Plaintiffs' allegations establish that their primary duty consisted of the management of a customarily recognized subdivision. For purposes of the PMWA, the

following work qualifies as exempt management work when performed in the supervision of subordinate employees:

- Directing the work of employees;
- Maintaining production records for use in supervision or control;
- Disciplining employees;
- Planning the work and apportioning the work among employees;
- Controlling the flow or distribution of materials and supplies; and
- Providing for safety and security of employees or company property.

29 C.F.R. § 541.102.[2] Exempt management work also includes any work that is "directly and closely related to the performance of exempt work," 29 C.F.R. § 541.703, and "[o]ccasional, infrequently recurring tasks that cannot practicably be performed by nonexempt employees" when done as part of an employee's management responsibilities. *See* 29 C.F.R. § 541.707.

In the Amended Complaint, Plaintiffs allege that it was their job to manage and oversee constant, around-the-clock air drilling operations at remote job sites throughout the United States (Amended Complaint ¶¶ 38-39, 42-43). Plaintiffs further allege that in order to manage the operations at these remote job sites they were required to perform the following work:

- "retrieving spare parts for the rigs" (*Id.* at ¶ 44);
- "fixing mechanical problems with the rig machinery" (*Ibid.*);
- "driving between jobs" (*Ibid.*);

---

[2]The PMWA does not define "management" so courts look to the applicable FLSA regulation for guidance. *See, e.g., Jean-Louis v. RGIS Inventory Specialists, LLC*, 2011 WL 3678532, at *11-12 (E.D. Pa. Aug. 22, 2011) (applying 29 C.F.R. § 541.102 to PMWA claim); *McClain v. McDonald's Corp.*, 2007 WL 210440, at *8-10 (E.D. Pa. Jan. 25, 2007) (same).

- "performing safety checks on rig machinery" (*Ibid.*);
- "filling in for air operators who do not show up for work" (*Ibid.*);
- "reporting rig activity to management and clients" (*Ibid.*);
- "filling out clerical paperwork to be submitted to management" (*Ibid.*);
- maintained production records and submitted them to management on a daily basis (*Id.* at ¶ 33); and
- "suggest[ed] disciplinary measures," subject to approval by their managers (*Id.* at ¶ 56).

All of the work performed by Plaintiffs qualifies as exempt management work for purposes of the PMWA. Plaintiffs were responsible for retrieving spare parts, which qualifies as both controlling the flow and distribution of materials and supplies and providing for the safety and security of the employees or the property. Plaintiffs performed safety checks and fixed any identified mechanical problems, which qualifies as providing for the safety and security of the employees or the property. Plaintiffs filled out paperwork and completed daily production reports, which qualifies as maintaining production records. Plaintiffs sometimes filled in for a subordinate who failed to show up for work, which qualifies as exempt work as it cannot reasonably be performed by another non-exempt employee because of the remote nature of the air drilling sites. Plaintiffs were involved in disciplining their subordinate employees, which qualifies as a management duty even though ultimate authority rested with Plaintiffs' managers. *See* 29 C.F.R. § 541.105. Finally, Plaintiffs were required to drive between remote job sites, which qualifies as exempt management work in this context because the remote nature of the air drilling sites makes such travel essential to the performance of the aforementioned management work. *See* 29

C.F.R. § 541.703. Accordingly, the work Plaintiffs performed qualifies as exempt management work for purposes of the PMWA.

Moreover, Plaintiffs' primary duty was the management of remote air drilling sites as evidenced by the fact that the work Plaintiffs performed was management work. Likewise, the remote air drilling sites Plaintiffs managed are customarily recognized subdivisions as evidenced by the fact that "[a]ir drilling jobs are constant, around-the-clock operations" (Amended Complaint ¶ 42).[3] Accordingly, Plaintiffs meet the PMWA short test requirement that their primary duty consists of the management of a customarily recognized subdivision of the company.

Next, Plaintiffs' allegations establish that they regularly supervised two or more employees. In the Amended Complaint, Plaintiffs allege that they were constantly and continually in charge of one to three air drilling operations sites and that they typically supervised two to six air operators (*Id.* at ¶¶ 42-43). Plaintiffs also allege that they managed the operations at such sites (*Id.* at ¶¶ 33, 44, 56). Accordingly, Plaintiffs meet the PMWA short test requirement that they regularly supervise two or more employees.

Plaintiffs' factual allegations conclusively establish that they were employed in an executive capacity under the PMWA short test and, therefore, are exempt from the overtime

---

[3] Looking to the applicable FLSA regulation for guidance, as there is no relevant PMWA regulation, Plaintiff's allegations establish that remote air drilling sites are "a recognized unit with a continuing function in the organization." 29 C.F.R. §§ 541.103(c) and (d). This conclusion is not altered by the fact that the remote air drilling sites "move from place to place" and do not necessarily consist of "the same subordinate personnel." *Id.*

provision of the PMWA. As such, this Court should dismiss Plaintiffs' PMWA claims with prejudice as against all Defendants.

**B. Plaintiffs Fail To State A Claim Upon Which Relief Can Be Granted Under The Wage Payment And Collection Law.**

This Court should dismiss Plaintiffs' WPCL claims because Plaintiffs have not alleged the existence of a contract with Defendants. It is well-established that the "WPCL does not create a right to compensation. Rather, it provides a statutory remedy when the employer breaches a contractual obligation to pay earned wages. The contract between the parties governs in determining whether specific wages are earned." *Weldon v. Kraft, Inc.*, 896 F.2d 793, 801 (3d Cir. 1990); *Oberneder v. Link Computer Corp.*, 696 A.2d 148, 150 (Pa. 1997) ("The Wage Payment and Collection Law provides employees a statutory remedy to recover wages and other benefits that are contractually due to them.").

Plaintiffs have not alleged the existence of a contract entitling them to payment of overtime wages. In the absence of such a contract, Plaintiffs' WPCL claims fail as a matter of law. *See*, *e.g.*, *Weldon*, 896 F.2d at 801; *Donaldson v. Informatica Corp.*, 2009 WL 4348819, at *15 (W.D. Pa. Nov. 30, 2009) (dismissing WPCL claim where plaintiff could not establish a viable breach of contract claim); *Mavrinac v. Emergency Med. Ass'n of Pittsburgh*, 2005 WL 2304995, at *8 (W.D. Pa. Sept. 21, 2005) (same). As such, this Court should dismiss Plaintiffs' WPCL claims with prejudice as against all Defendants.

**C. Plaintiffs Fail To State A Claim Upon Which Relief Can Be Granted Under The Common Law Theory Of Unjust Enrichment.**

This Court should dismiss Plaintiffs' unjust enrichment claims because the PMWA provides a specific statutory remedy when an employer fails to pay overtime compensation.

*See White v. Conestoga Title Ins. Co.*, 53 A.3d 720, 735 (Pa. 2012) (applying 1 Pa.C.S. § 1504).[4] In *White*, the Pennsylvania Supreme Court held that section 1504 precludes a plaintiff from bringing a common law unjust enrichment claim where a statutory remedy exists. *Id.* As the Court explained, "The rule regarding the exclusive nature of a statutory remedy is one of Pennsylvania's oldest legal principles," and has been "consistently construed" for over 200 years. *Id.* at 731 (citing Pennsylvania Supreme Court cases applying this rule).

In support of their unjust enrichment claims, Plaintiffs allege that "Defendants misclassified Plaintiffs and the Pennsylvania Class to avoid paying overtime compensation for all hours worked." (Amended Complaint ¶ 105). It is beyond dispute that the PMWA sets forth a specific statutory remedy for addressing an employer's failure to pay overtime compensation. *See* 43 P.S. § 333.101 *et seq*. Accordingly, section 1504 precludes Plaintiffs from bringing common law claims of unjust enrichment. *See White*, 53 A.3d at 735.

In addition, Plaintiffs' unjust enrichment claims should be dismissed because Plaintiffs fail to allege facts that could entitle them to relief. A claim for unjust enrichment seeks restitution for benefits conferred on and retained by a defendant who offered no compensation in circumstances where compensation was reasonably expected. *See White*, 53 A.3d at 723 n.6. Plaintiffs do not – and cannot – allege that they received no compensation. Likewise, Plaintiffs do not – and cannot – allege that they reasonably expected to receive

---

[4] Section 1504 provides:

> In all cases where a remedy is provided or a duty is enjoined or anything is directed to be done by any statute, the directions of the statute shall be strictly pursued, and no penalty shall be inflicted, or anything done agreeably to the common law, in such cases, further than shall be necessary for carrying such statute into effect.

overtime compensation. In fact, Plaintiffs allege exactly the opposite, *i.e.* that they did not expect to receive overtime compensation. Specifically, Plaintiffs allege that "Defendants uniformly misrepresent to Plaintiffs and Class Members that they are exempt, salaried employees, and therefore ineligible to receive overtime pay." (Amended Complaint ¶ 36). Accordingly, Plaintiffs cannot state plausible unjust enrichment claims.

For the foregoing reasons, this Court should dismiss Plaintiffs' unjust enrichment claims with prejudice as against all Defendants.

## V. CONCLUSION

For the foregoing reasons, this Court should grant Defendants' Motion and dismiss Plaintiffs' state law claims with prejudice as against all Defendants.

Respectfully submitted,

REED SMITH LLP

*s/Richard L. Etter*

Patrick W. Ritchey
ID No. PA19924
Richard L. Etter
ID No. PA92835
225 Fifth Avenue
Pittsburgh, PA 15222-2716
Telephone: (412) 288-3072/3806
Facsimile: (412) 288-3063

Counsel for Defendants Archer Well Company Inc., Allis-Chalmers Energy Inc., AirComp LLC, and Archer Underbalanced Services Inc.

Dated: May 3, 2013

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing Brief in Support of Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint was served upon counsel for Plaintiffs by the Court's CM/ECF system, this 3rd day of May, 2013.

*s/ Richard L. Etter*
Counsel for Defendants