**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ALLEN HIVELY, KENNETH KNAUFF and RANDLE SHAW, JR., individually and on behalf of all persons similarly situated, | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil Action No. 2:13-cv-106-NBF |
| ARCHER WELL COMPANY, INC., ALLIS-CHALMERS ENERGY, INC., AIRCOMP, LLC, and ARCHER UNDERBALANCED SERVICES, LLC, | ) | Judge Nora Barry Fischer |
| Defendants. | ) | ELECTRONICALLY FILED |

**REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION**
**TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

## I. Plaintiffs' Pennsylvania Minimum Wage Act Claim Should Be Dismissed Because They Were Properly Classified As Exempt Executive Employees Under The Act's Short Test.

As this Honorable Court has recognized, "The ultimate determination as to whether a particular exemption is applicable presents a question of law." *Castellino v. M.I. Friday, Inc.*, 2012 WL 2513500, at *3 (W.D. Pa. June 29, 2012) (Fischer, J.). For purposes of Defendants' pending motion, the parties agree that the PMWA's executive exemption short test provides the appropriate legal standard (Doc. 42 at pp. 13-14). Specifically, the parties agree that the dispositive questions are whether the operative facts are sufficient to establish (1) that Plaintiffs' primary duty consists of management of the enterprise or of a customarily recognized department or subdivision thereof, and (2) that Plaintiffs' customarily and regularly direct the work of two or more employees (Doc. 42 at p. 14). It is black letter law

that, for purposes of Defendant's motion to dismiss, the operative facts are the allegations in Plaintiffs' First Amended Complaint (FAC), which must be accepted as true, along with all reasonable inferences that may be drawn from those allegations. As such, there is nothing that prevents this Court from deciding the exemption issue on a motion to dismiss.[1]

Defendants have met their burden to show that Plaintiffs are covered by the executive exemption. As explained in Defendants' previously filed brief in support, the application of the operative facts conclusively establishes that Plaintiffs' primary duty was the management of a customarily recognized subdivision, *i.e.* remote field air drilling operations, and that Plaintiffs' customarily and regularly directed the work of two or more employees, *i.e.*, two to six operators assigned to one to three remote air drilling sites (*See* Doc. 41 at pp. 6-9). Accordingly, Plaintiffs are exempt under the PMWA's executive exemption short test.[2]

## II. Plaintiffs' Pennsylvania Wage Payment Collection Law Claim Should Be Dismissed Because Plaintiffs Admit That They Did Not Have A Contract For Payment Of Overtime Wages.

Pennsylvania state courts have consistently held that the WPCL simply "provides employees a statutory remedy to recover wages and other benefits that are contractually due to them." *Oberneder v. Link Computer Corp.*, 696 A.2d 148, 150 (Pa. 1997); *see also Sullivan v.*

---

[1] Plaintiffs suggest that the exemption issue should not be decided until after discovery; however, Plaintiffs are in possession of all of the relevant facts, have alleged those facts in support of their class and collective action claims, and have failed to identify what discovery would be needed.

[2] Plaintiffs cite numerous cases in support of their argument that their PMWA claim should not be dismissed; however, all of these cited cases are in apposite because they do not involve application of the PMWA's executive exemption short test.

*Chartwell Inv. Partners, LP*, 873 A.2d 710, 716 (Pa. Super. Ct. 2005); *Laborers Combined Funds v. Mattei*, 518 A.2d 1296, 1298 (Pa. Super. Ct. 1986).[3]

Plaintiffs, citing *Lugo v. Farmers Pride, Inc.*, 967 A.2d 963, 969 (Pa. Super. Ct. 2009), contend that "the Superior Court of Pennsylvania recently held that, where the plaintiffs' complaint indicated that certain wages may be owed under the PMWA, plaintiffs could also enforce their right to those wages under the WPCL, <u>even in the absence of a contract</u>." (Doc. 42 at p. 21) (emphasis added). Plaintiffs' reliance on *Lugo* is misplaced.[4] The *Lugo* court's entire analysis of the WPCL claim consists of the following paragraph:

> Similarly, the WPCL is a statutory vehicle that the legislature has provided for employees to recover unpaid wages that are due them. The WPCL specifically authorizes such civil actions. See 43 P.S. § 260.9a (a) and (b). Since the averments of appellants' complaint indicate that certain wages may still be owed to appellants under the PMWA, we find that appellants could also enforce their right to those wages under the WPCL; and we find that the trial court erred in sustaining the preliminary objection to the second count of appellants' complaint, pertaining to the WPCL.

*Id.* (internal footnote omitted). Nowhere in its analysis does the Superior Court state that the plaintiffs failed to allege the existence of a contract for wages.[5] Indeed, the Superior

---

[3] Likewise, federal courts in the Third Circuit have consistently held that "a prerequisite for relief under the WPCL is a contract between employee and employer that sets forth their agreement on wages to be paid." *Deron v. SG Printing, Inc.*, 2012 WL 1902577, *5 (M.D. Pa. 2012) (collecting cases).

[4] In support of their argument, Plaintiffs also cite *Deron v. SG Printing, Inc.*, 2012 WL 1902577, *5-6 (M.D. Pa. 2012). *Deron* is inapposite. In *Deron*, the court dismissed the plaintiff's WPCL with prejudice because "the plaintiff has failed to adequately state a claim under the WPCL because he has . . . failed to adequately plead a breach of contract." *Ibid.*

[5] It strains the bounds of reason to suggest that the Superior Court would devote only a single paragraph to such a monumental shift in the law, and overturn 25-plus years of precedent by inference without discussing, or even referencing, the Pennsylvania Supreme

Continued on following page

Court held exactly the opposite, that the plaintiffs in *Lugo* did state a claim for breach of a contract for wages. 967 A.2d at 969. As such, the issue that Plaintiffs suggest was decided by *Lugo* – whether a plaintiff can bring a WPCL claim in the absence of a contract for wages – was never before the Superior Court. Any discussion of the viability of a WPCL claim in the absence of a contract for wages is non-precedential dicta. Accordingly, Plaintiffs' WPCL claim fails as a matter of law pursuant to well-established precedent.

## III. Plaintiffs' Common Law Unjust Enrichment Claim Should Be Dismissed Because It Is Precluded By The Pennsylvania Minimum Wage Act Pursuant To The Statutory Construction Act.

Plaintiffs claim that, in *White v. Conestoga Title Ins. Co.*, 53 A.3d 720, 735 (Pa. 2012), the Supreme Court of Pennsylvania held that Section 1504 of the Statutory Construction Act only applies where a statutory remedy is the exclusive remedy (Doc. 42 at p. 23 n.11). The *White* case contains no such holding. In fact, as the Supreme Court explained:

> [I]n case after case, upon observing that the General Assembly provided a statutory means to resolve a dispute and provide relief to a complaining party, we upheld the termination of a common law cause of action under the [Section 1504]. Where, however, the legislature made its intent clear in a statute that the mandate in [Section 1504] was not to govern, we, of course, followed that directive.

*White*, 53 A.3d at 732 (internal footnote omitted). In other words, the statutory remedy does not need to be exclusive. As in *White*, the PMWA sets forth a specific statutory remedy for addressing an employer's failure to pay overtime compensation, and contains nothing to suggest that the General Assembly intended the remedies set forth in the PMWA to coexist

---

Continued from previous page
Court's *Oberneder* decision or any of the Superior Court's precedential decisions holding that the existence of a contract for wages is a prerequisite to a WPCL claim.

with common law claims. *See* 43 P.S. § 333.101 *et seq*. Plaintiffs' unjust enrichment claim is entirely dependent upon the outcome of their PMWA claim (*see* Doc. 42 at p. 24), which is exactly the situation Section 1504 was designed to prevent. *See White*, 53 A.3d at 735. Accordingly, section 1504 precludes Plaintiffs from bringing common law claims of unjust enrichment.[6]

## IV. CONCLUSION

For the foregoing reasons, this Court should grant Defendants motion and dismiss Plaintiff's PMWA (Count 2), WPCL (Count 3), and unjust enrichment (Count 4) claims with prejudice as against all Defendants.[7]

Respectfully submitted,

REED SMITH LLP

*s/Richard L. Etter*

Patrick W. Ritchey
ID No. PA19924
Richard L. Etter
ID No. PA92835
225 Fifth Avenue
Pittsburgh, PA 15222-2716
Telephone: (412) 288-3072/3806
Facsimile: (412) 288-3063

Counsel for Defendants

Dated: June 3, 2013

[6] Plaintiffs cite numerous cases in support of their argument that their unjust enrichment claim should not be dismissed; however, all of these cited cases are in apposite because they do not address application of Section 1504 of the Statutory Construction Act.

[7] Defendants motion to dismiss challenges the merits of Plaintiffs' claims, not the sufficiency of the allegations under *Iqbal*. As such, Plaintiffs claims should be dismissed with prejudice.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing Brief in Support of Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint was served upon counsel for Plaintiffs by the Court's CM/ECF system, this 3rd day of June, 2013.

*s/ Richard L. Etter*
Counsel for Defendants