IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLEN HIVELY, KENNETH KNAUFF, and RANDALL SHAW, JR., individually and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALLIS-CHALMERS ENERGY, INC., AIRCOMP, LLC, ARCHER UNDERBALANCED SERVICES, LLC, and ARCHER WELL COMPANY INC.,<br><br>Defendants. | Civil Action No. 13-106<br>Judge Nora Barry Fischer |

## MEMORANDUM ORDER

This is a class and collective action for unpaid overtime compensation brought by Plaintiffs Allen Hively, Kenneth Knauff, and Randle Shaw, Jr. pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), the Pennsylvania Minimum Wage Act of 1968 ("PMWA"), the Pennsylvania Wage Payment and Collection Law ("WPCL"), and common law unjust enrichment doctrine. Defendants Allis-Chalmers Energy, Inc., Aircomp, LLC, Archer Underbalanced Services, LLC, and Archer Well Company Inc. are related entities involved in oil and natural gas exploration and production in Pennsylvania, Texas, Louisiana, Arkansas, West Virginia, Oklahoma, Colorado, and offshore sites in the Gulf of Mexico. (Docket No. 36, at ¶ 15). All Plaintiffs in the class and collective action are allegedly employed by Defendants as "supervisors." *Id.* at ¶¶ 23-25.

Presently pending before this Court is Defendants' "Motion to Dismiss Plaintiffs' First Amended Complaint," (Docket No. 40), wherein they urge dismissal of Plaintiffs' PMWA, WPCL, and unjust enrichment claims. (Docket Nos. 41; 43). They first argue that Plaintiffs are

employed in an executive capacity and therefore not covered by the overtime provision of the PMWA. *Id.* Next, they contend that the WPCL claims fail because Plaintiffs have not alleged the existence of a contract with Defendants. *Id.* Last, they assert that no cause of action under unjust enrichment can proceed where, as here, a statutory remedy already exists. *Id.* Plaintiffs dispute each of these arguments. (Docket Nos. 42; 44). After consideration of the parties' submissions and the well-pled allegations in Plaintiffs' Amended Complaint, (Docket No. 36), which are taken as true and viewed in the light most favorable to Plaintiffs, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the Court denies Defendants' Motion [40] for the following reasons.

I.  **Plaintiffs Have Sufficiently Pled a Valid PMWA Claim.**

The PMWA provides that "each employee shall be paid for overtime not less than 1-1/2 times the employee's regular rate of pay for all hours in excess of 40 hours in a workweek." 34 Pa. Code § 231.41. Correspondingly, Plaintiffs' PMWA claims are premised on their allegations that they routinely worked more than 40 hours per week without being paid extra for the overtime. (Docket No. 36, at ¶¶ 46, 50, 52). Instead, Defendants utilize a uniform compensation system to pay their supervisors on a salary basis ranging from approximately $5,500 to $6,500 per month. *Id.* at ¶ 35. Defendants, however, deny that the PMWA applies because all Plaintiffs are employed in an executive capacity. (Docket No. 41, at 6). An employee who works in a "bona fide executive capacity" is exempt from the overtime provisions of the PMWA. 34 Pa. Code § 231.81. Defendants therefore seek dismissal on this basis.

Nevertheless, it is not appropriate to grant a motion to dismiss based on an affirmative defense where the factual predicate of said defense is not apparent from the face of the complaint. *Brody v. Hankin*, 145 F. App'x 768, 771 (3d Cir. 2005) (citing *Bethel v. Jendoco Constr. Corp.*, 570 F.2d 1168, 1174 n.10 (3d Cir. 1978)); *see also In re Tower Air, Inc.*, 416 F.3d

2

229, 242 (3d Cir. 2005) ("affirmative defenses generally will not form the basis for dismissal under Rule 12(b)(6)"); *In re Adams Golf, Inc. Sec. Litig.*, 381 F.3d 267, 277 (3d Cir. 2004) ("an affirmative defense may not be used to dismiss a plaintiff's complaint under Rule 12(b)(6)"). According to the PMWA, an employee works in an executive capacity if, in addition to being paid a fixed salary of $250 or more per week, he or she (1) has a "primary duty" consisting of "the management of the enterprise … or of a customarily recognized subdivision thereof" and (2) is responsible for "the customary and regular direction of the work of two or more other employees therein." *King v. Dolgencorp, Inc.*, No. 09-146, 2010 WL 9475736, at *10 (M.D. Pa. May 6, 2010) (quoting § 231.82(6)). Because Pennsylvania law does not define a number of operative terms in the PMWA, courts in the Third Circuit look to the standards set forth by the FLSA and its implementing regulations for guidance. *See, e.g.*, *Baum v. AstraZeneca LP*, 605 F. Supp. 2d 669, 674 (W.D. Pa. 2009) (Gibson, J.) ("Pennsylvania courts have indicated that it may be proper to interpret the PMWA in light of federal interpretation of the FLSA, given the substantial similarity") (citation omitted).

Federal courts ruling on analogous FLSA overtime provisions have held that whether a plaintiff falls within a particular exemption constitutes a mixed question of law and fact, requiring the Court to examine historical or record facts. *Hein v. PNC Fin. Servs. Grp., Inc.*, 511 F. Supp. 2d 563, 570 (E.D. Pa. 2007). In light of this fact-intensive analysis, courts routinely deny motions to dismiss when a defendant asserts that an exemption applies. *See Haskins v. VIP Wireless Consulting*, No. 09-754, 2009 WL 4639070, at *6 (W.D. Pa. Dec. 7, 2009) (Standish, J.) ("We conclude that such a detailed, fact-intensive analysis is impossible at this stage of the litigation."); *Snyder v. Dietz & Watson, Inc.*, 837 F. Supp. 2d 428, 451-52 (D.N.J. 2011) ("The Court finds that resolution of the affirmative defense raised by Defendants is not appropriate on a

motion to dismiss under Rule 12(b)(6)."). While this Court has previously indicated at summary judgment that the "ultimate determination as to whether a particular exemption is applicable presents a question of law," the Court also explained in the same paragraph that "[a]n employer seeking to rely on an exemption must prove its application as an *affirmative defense*" and "[m]atters relating to the duties performed by employees present questions of fact." *Castellino v. M.I. Friday, Inc.*, No. 11-261, 2012 WL 2513500, at *3 (W.D. Pa. June 29, 2012) (emphasis added).

Although Plaintiffs acknowledge they are nominally "supervisors" who work with a staff of approximately two air operators on each drilling rig assignment, (Docket No. 36, at ¶¶ 43, 45), they maintain that they actually spend their time performing menial, non-exempt tasks such as retrieving spare parts, fixing mechanical problems, driving between drilling rigs, performing safety checks, filling in for absent air operators, reporting rig activity to management and clients, as well as completing paperwork to be submitted to management. *Id.* at ¶ 44. They further aver that they have no input as to staffing jobs or setting production goals, and they cannot hire, fire, discipline, or promote employees on their own. *Id.* at ¶¶ 54-57. Moreover, Plaintiffs claim that as supervisors, they have no authority to enter into agreements or contracts with other parties on behalf of Defendants. *Id.* at ¶ 58. Nor do they have authority to spend company funds. *Id.* at ¶ 59. In this Court's estimation, these allegations establish a plausible inference that Plaintiffs' PMWA claims are not barred by the "executive capacity" exemption. *See Iqbal*, 556 U.S. at 678. Accordingly, Defendants' motion to dismiss Plaintiffs' PMWA claims is denied, without prejudice, to raising such arguments at summary judgment.

**II. Plaintiffs Have Sufficiently Pled a Valid WPCL Claim.**

Defendants further argue that Plaintiffs' WPCL claims should be dismissed because they failed to allege the existence of an employment contract that obliges them to pay supervisors overtime wages. (Docket No. 41, at 10; Docket No. 43, at 2-4). In support of their contention, Defendants cite to numerous state and federal decisions issued before the year 2009 holding that a contractual obligation is a prerequisite for legal relief under the WPCL. *Id.* However, the Pennsylvania Superior Court recently ruled in *Lugo v. Farmers Pride, Inc.* that where a complaint claims that certain wages may be owed under the PMWA, the plaintiff may also enforce his or her right to those wages under the WPCL. 967 A.2d 963, 969 (Pa. Super. Ct. 2009), *appeal denied*, 980 A.2d 609 (Pa. 2009). Accordingly, "*Lugo* adopts a broader interpretation of the WPCL as a vehicle for employees to recover unpaid wages, regardless of the source of their employer's obligation to pay the wages." *Moser v. Papadopoulos*, No. 10-6791, 2011 WL 2441304, at *3 (E.D. Pa. June 16, 2011). Since the decision in *Lugo*, both federal and state courts have held that a right to wages that may be asserted under the PMWA may also be litigated under the WPCL even in the absence of a contract. *See, e.g.*, *Deron v. SG Printing, Inc.*, No. 11-1934, 2012 WL 1902577, at *5 n.3 (M.D. Pa. 2012); *Zebroski v. Gouak*, No. 09-1857, 2009 WL 2950813, at *1 (E.D. Pa. 2009); *Turner v. Mercy Health Sys.*, Nos. 3670 & 5115, 2010 WL 6761223 (Pa. Ct. Com. Pl. Mar. 10, 2010). In light of these developments, the Court rejects Defendants' contention that Plaintiffs' WPCL claims are not legally cognizable at this stage given the presence of the asserted PMWA claims.

**III. Plaintiffs Have Sufficiently Pled a Valid Unjust Enrichment Claim.**

Defendants finally contend that Plaintiffs' unjust enrichment claims should be dismissed because a Pennsylvania statute already provides a remedy for the failure to pay overtime

5

compensation. (Docket No. 41, at 10). At the outset, it should be noted that Rule 8(d)(2) of the Federal Rules of Civil Procedure expressly authorizes parties to plead claims in the alternative.[1] Additionally, numerous courts have permitted plaintiffs to plead causes of action pursuant to the PMWA as well as the doctrine of unjust enrichment. *See Zelinsky v. Staples, Inc.*, No. 08-684, 2008 WL 4425814, at *8 (W.D. Pa. Sept. 29, 2008) (Ambrose, C.J.) ("Defendant has not presented a single case law holding that the PMWA preempts common law claims for unjust enrichment.... Indeed, it appears that at least one Pennsylvania court has certified class claims for both violation of PMWA and unjust enrichment.") (citing *Braun v. Wal-Mart Stores, Inc.*, 2005 WL 3623389, at *1 (Pa. Ct. Com. Pl. Dec. 27, 2005)); *Thompson v. U.S. Airways, Inc.*, 717 F. Supp. 2d 468, 480-81 (E.D. Pa. 2010) (permitting both PMWA and unjust enrichment claims); *Lugo*, 967 A.2d at 970 (same).

Defendants argue that these decisions are inapplicable because they do not address the application of 1 Pa. Cons. Stat. § 1504. (Docket No. 43, at 5 n.6). Section 1504 addresses the effect of a statute that prescribes a method of remedy:

> In all cases where a remedy is provided or a duty is enjoined or anything is directed to be done by any statute, the directions of the statute shall be strictly pursued, and no penalty shall be inflicted, or anything done agreeably to the common law, in such cases, further than shall be necessary for carrying such statute into effect.

1 PA. CONS. STAT. § 1504. It is Defendants' position that § 1504 "precludes a plaintiff from bringing a common law claim where a statutory remedy exists." (Docket No. 41, at 1). Because the PMWA addresses an employer's failure to pay overtime wages, they maintain that § 1504 bars Plaintiffs from bringing a common law cause of action for unjust enrichment based on the same allegations of wrongdoing. (Docket No. 41, at 11; Docket No. 43, at 5).

---

[1] For that matter, Pennsylvania's Rules of Civil Procedure also provide for the alternative pleading of causes of action. *See* PA. R. CIV. P. 1020(c).

There is, however, a difference between a "remedy" and a "right." A remedy is the means by which a right is enforced, whereas a right is a well-founded or acknowledged claim. BLACK'S LAW DICTIONARY 1294 (6th ed. 1990). The Pennsylvania Supreme Court has consistently reiterated that § 1504 pertains to only the procedure or method for remedying a grievance, not the right of recovery. *See White v. Conestoga Title Ins. Co.*, 53 A.3d 720, 729 (Pa. 2012) ("when a statute articulates a *remedy* for the breach of a statutory obligation, that *remedy* is exclusive and must be strictly pursued to the exclusion of all 'civil action *remedies*' seeking relief for the harm that results from an alleged breach of that obligation") (emphasis added); *Jackson v. Centennial Sch. Dist.*, 501 A.2d 218, 220 (Pa. 1985) ("[W]here a statutory remedy is provided, the *procedure* prescribed therein must be strictly pursued to the exclusion of other *methods* of redress.") (emphasis added) (collecting cases); *Sch. Dist. of Borough of West Homestead v. Allegheny Cnty. Bd. of Sch. Directors*, 269 A.2d 904, 907 (Pa. 1970) (regarding the predecessor of § 1504, "if the legislature provides a specific, *exclusive*, constitutionally adequate *method* for the disposition of a particular kind of dispute, no action may be brought in any 'side' of the Common Pleas to adjudicate the dispute by any kind of 'common law' form of action other than the exclusive statutory *method*") (emphasis in original and added). As a consequence, § 1504's exclusivity rule is triggered only where a statute provides a claimant with an alternative method for obtaining redress. *See, e.g.*, *White*, 53 A.3d at 734 (remedial framework in the Insurance Department Act directing the manner of a claim review by a state agency precluded an action for unjust enrichment); *Jackson*, 501 A.2d at 219-20 (comprehensive statutory procedure addressing the review of a termination decision precluded filing suit prior to exhausting these measures).

Defendants have not shown how the PMWA provides a defined remedy within the meaning of § 1504 or otherwise bars the assertion of an alternative legal theory of unjust

7

enrichment for the failure to pay overtime wages. (Docket No. 42, at 23). To the extent that Defendants also argue the unjust enrichment claims should be dismissed because Plaintiffs either did receive some compensation for their services or could not have reasonably expected to receive overtime pay, (Docket No. 41, at 11), such a position is contrary to established law. *See Thompson*, 717 F. Supp. 2d at 480-81 (noting that the benefit unjustly conferred is the difference between the wages actually paid and the wages the plaintiffs would have been paid had the employer complied with the PMWA). Given the inapplicability of § 1504 as well as state and federal court precedent recognizing that unjust enrichment claims can coexist with PMWA claims, the Court denies this motion to dismiss.

**ORDER**

Based on the foregoing,

IT IS HEREBY ORDERED that Defendants' "Motion to Dismiss Plaintiffs' First Amended Complaint" [40] is DENIED.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date:   June 10, 2013

cc/ecf:  All counsel of record